Dear Mayor Goldsby:
This office is in receipt of your request for an Attorney General's Opinion regarding the Town of Amite's provision of an individual health insurance policy for one of its alderman.
According to your correspondence, the Town of Amite's Board of Aldermen enacted Ordinance No. 4-2003, copy attached, which authorizes the Town to " offer group health insurance coverage " (emphasis supplied) for its employees and officials. In accordance with Ordinance 4-2003, the Town entered into an agreement with United Healthcare for its employees' insurance coverage. Pursuant to the Ordinance, 100% of each Town aldermen's premiums with United Healthcare are paid by the Town.
One alderman, a former employee of the Tangipahoa Sheriff's Office, already had coverage with United Healthcare through the Sheriff's Office. Since the alderman did not need coverage with United Healthcare, the Town's insurance agent arranged for a policy for that alderman with Blue Cross (which policy was in addition to the United Healthcare coverage the alderman was already receiving from the Sheriff's office), and the Town has paid this alderman's premiums to Blue Cross, even though all other employees who chose to have health coverage were covered by United Healthcare.
On behalf of the Town, you have requested the opinion of this office as to whether it is legal for the Town to provide a separate or individual health insurance policy for one of the Town's aldermen, with a different company than the company that provides group health coverage for all other Town employees. Additionally, you seek our opinion with respect to the legality of such a policy if the coverage provided is more costly than that provided to other Town employees.
Before addressing the issues of state law raised by your request, we note that Ordinance 4-2003 only authorizes the Town to offer `group' coverage to its employees and officials. In our opinion, Ordinance 4-2003 does not provide authority for the Town to provide any employee or official with a separate or individual health insurance policy. With respect to state law, we call your attention to Article VII, Section 14(A) of the 1974 LouisianaConstitution. This constitutional provision generally prohibits the loan, pledge and/or donation of public funds, credit and property to any person, association or corporation, public or private. However, constitutional exceptions to this prohibition are found in Section 14(B) which provides, in pertinent part, the following:
 "Nothing in this Section shall prevent (2) contributions of public funds to pension and insurance programs for the benefit of public employees "
Cleary, the Constitution enables state and local entities (e.g., the Town) to fund "insurance programs" for its employees and/or officials. This authority has been implemented by the Louisiana Legislature, with respect to political subdivisions such as the Town of Amite, at LSA-R.S. 33:5151, which provides:
 "A. Any municipality or political subdivision of the state may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials, and may agree to match the payments of the employees and officials for the premiums or charges for any such contracts payable out of the funds of such municipality or political subdivision, respectively.
 B. Nothing in this Section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their dependents, or both." (Emphasis added).
In our opinion, this provision of law authorizes the Town to pay all or a portion of the premiums for health insurance for its employees and officials, including its aldermen, but only with respect to "policies of group insurance". The Town of Amite is not authorized to provide, either in whole or in part, a separate or individual policy of health insurance for any of its employees or officials, even if the cost of the individual policy is equal to or less than the cost of providing the employee or official with coverage under the Town's group policy.
We also note that the situation contemplated by your request, whereby one official is given the privilege of an individual health insurance policy, a privilege not extended to all other similarly situated employees and officials, may also invoke questions under constitutional provisions requiring equal protection. See: Article I, Section 3 of the 1974 LouisianaConstitution and the Fourteenth Amendment of the United StatesConstitution. Under the equal protection clauses of the state and federal constitutions, differential treatment must be reasonable in light of the governmental purpose for which the laws authorizing same were enacted.
We trust the foregoing to be of assistance. If you have any questions, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
 ORDINANCE NO. 4-2003 Amendment to Town of Amite Code of Ordinances Chapter 3, Section 2-3001 Employee Policy Manual Section 4, Compensation and benefits
C. Insurance. The municipality may offer group health insurance coverage for full-time employees, who are defined as working 35 hours or more weekly. Class guidelines are as follows:
Class 1
The Town will pay 100% of the premium for employee and family, effective the first month following 30 days employment:
Mayor City council Police Chief
Class 2
The Town will pay $709.10 toward the premium for employee and family, $513.48 toward the premium for employee and spouse, and $452.35 toward the premium for employee and children, effective the first month following 30 days employment, for the following employees with a hire date before May, 2003:
Police Officers Street Superintendent City Clerk Assistant City Clerk Water and Waste Water Foreman
Class 3
The Town will pay 100% of the premium for employee only, effective the first month following 90 days employment, for the following employees with a hire date before May 1, 2003.
All full-time employees, except Class 1, 2, and 4 and summer workers and laborers.
Class 4
The Town will pay 100% of the premium for employee only, effective the first month following 365 days employment, for the following employees with a hire date before May 1, 2003:
Laborers
Employees Hired on or after May 1, 2003
All full-time employees with a hire date on or after May 1, 2003 will be provided employee only coverage provided the cost of that coverage is at or below $300.03 a month. Any employee who chooses dependent coverage will be required to pay any and all costs above the premium cap for employee only coverage.
Be it ordained by the Mayor and the City Council for the Town of Amite City that Ordinance No. 4-2003 was duly approved by a majority vote of the City Council of the Town of Amite City on this 1st day of April 2003.
Attest:
_____________________ R. E. Goldsby, M.D. Mayor
_____________________ Mary Lou Lee City Clerk